## TRAD et al. v. HINOJOSA et al.

### No. 8978.

Court of Civil Appeals of Texas. San Antonio.

March 15, 1933.

Goodhue Weatherly, of Falfurrias, for plaintiffs in error.

Cummins & Jacobs, of Rio Grande City, for defendants in error.

FLY, Chief Justice. .

At a former day of this term this cause was dismissed because there had been no disposition of all the parties in the judgment, but, on motion for rehearing, it has been satisfactorily shown to this court that the judgment did dispose of all parties, and that the clerk of the district court had failed to copy the whole of the judgment in the record. Under that state of facts it became necessary to grant a rehearing as to the dismissal and restore the cause to its place on the docket, to be considered on its merits as against the Ramirez.

This is a suit on a promissory note for $700, executed by Rafael Ramirez and Eudoxio G. Hinojosa, who were alleged to be partners. The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered that plaintiffs take nothing by their suit as to Mrs. Ramirez.

The suit was instituted by plaintiffs, Maria Trad and her husband, against Eudoxio G. Hinojosa, Reyes Cabazos Ramirez, and F. B. Guerra, Jr., administrator of the estate of Rafael Ramirez, deceased.

The jury found that a partnership existed between Rafael Ramirez and Reyes Cabazos Ramirez at the time the note was executed, that the note was executed by Rafael Ramirez for himself and not for the partnership. Guerra and Hinojosa admitted liability on the note, and judgment was rendered against them in favor of the plaintiffs. Judgment was rendered against Guerra as administrator of the estate of Rafael Ramirez.

■ The facts show that Reyes C. Ramirez was the mother of Rafael Ramirez, that her husband, Cleopas Ramirez, had died leaving an estate, a portion of which was a ranch on which Rafael Ramirez resided after his father's death. After the death of the husband and father, the estate belonged to Reyes C. Ramirez and Rafael Ramirez, her son. He had charge of the ranch for himself and his mother, bought the supplies for it, and conducted all of its affairs. He desired to sell a parcel of land belonging to him and his mother to Hinojosa for $1,500, of which $700 was to be in cash. Plaintiffs agreed to lend that sum to Hinojosa if he and Rafael Ramirez would sign the note. They signed it, and the $700 was obtained by Rafael Ramirez. Reyes Ramirez was not mentioned nor known in the transaction, and her liability was dependent on the fact being established that she was a partner of her son, Rafael, in the estate of Cleopas Ramirez, deceased. Rafael and his mother were joint owners of the estate, and Rafael was acting for her and himself in the management of the estate. It is obvious that he had no authority to bind his mother by signing a note given by Hinojosa to obtain money to pay on land to which she had not executed a deed, and, in truth, to which Rafael never executed a deed, but killed himself before any such deed was made.

■ The evidence rather showed that the relationship of principal and agent existed between the mother and her son, Rafael, and none of the elements of a partnership were proved to exist between them. The court should have submitted the facts to the jury

and on their findings have determined whether such facts in law constituted a partnership. The evidence showed that Rafael acted as the agent of his mother in the management of the estate, which management did not authorize him to convey any part of her interest in the estate, and he did not attempt to do so. He could only sell his interest in the estate. Mrs. Ramirez says that her son told her of the intended sale, but she thought it was to be made to the Trads. The son could not, as agent, nor even as a partner, bind his mother on a note on which he, to all intents and purposes, was a surety for Hinojosa, for, while the money was to pass into the hands of Rafael Ramirez as a payment on the land, it was really by and for Hinojosa. It certainly was not within the scope of partnership business to sign such a note.

 The evidence failed to show a partnership, although the facts were almost undisputed on the question, and under the facts the court was justified in instructing in favor of Mrs. Ramirez. The jury really passed on no facts, but merely gave conclusions as to the law arising from the facts. The court could, with propriety, have instructed the jury immediately after hearing the facts, to find for Mrs. Ramirez. The judgment was properly rendered against Hinojosa and Guerra, the administrator. The estate left by Rafael Ramirez went to his mother, as it does not appear that he had any children or brothers or sisters. It went, however, incumbered with the debts of Rafael, among which is the claim of plaintiffs.

The judgment is affirmed.